**Gregory M. SHEPECK, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

No. 98–9079.

United States Court of Appeals,
Seventh Circuit.

Submitted July 21, 1998.

Decided Aug. 3, 1998.

Gregory M. Shepeck (submitted on briefs), Oxford, WI, for Petitioner.

Michelle A. Leslie, Office of the United States Attorney, Milwaukee, WI, for Respondent.

Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.

PER CURIAM.

■ Gregory Shepeck's trial attorney abandoned him after sentence was imposed. Shepeck asked the attorney to prosecute an appeal; the attorney did nothing. Abandonment is a violation of the sixth amendment, and the defendant is entitled as a remedy to the vacatur and reentry of judgment so that a direct appeal may be prosecuted. *Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994). Shepeck filed a motion under 28 U.S.C. § 2255 asking for the relief prescribed by *Castellanos.* The district court resentenced Shepeck, and an appeal was taken—but his appellate attorney filed an *Anders* brief, and we dismissed the appeal after concluding that no non-frivolous issue was available. *United States v. Shepeck,* 129 F.3d 1268 (7th Cir.1997) (unpublished order). Now Shepeck asks for our permission to commence a second collateral attack. See 28 U.S.C. §§ 2244(b)(3), 2255 ¶ 8. He believes that his appellate attorney furnished ineffective assistance by filing an *Anders* brief and that he has non-frivolous constitutional objections to his sentence (and the proceedings that led up to it).

■ The arguments Shepeck wants to present do not satisfy the statutory criteria for a repetitious collateral attack. But that is important only if prior appellate approval is essential, and we conclude that it is not. Although Shepeck has had one collateral attack, making the next his second in a dictionary sense, the Supreme Court held in *Stewart v. Martinez–Villareal,* — U.S. ——, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), that "second or successive" in § 2244(b) is a term of legal art. A collateral attack should be disregarded for counting purposes under this statute, the Court said, if it is dismissed on

technical grounds such as failure to exhaust state remedies or unripeness. See also *Benton v. Washington,* 106 F.3d 162 (7th Cir. 1996). Our opinion in *Walker v. Roth,* 133 F.3d 454 (7th Cir.1997), identifies another situation in which multiple collateral attacks fall outside §§ 2244 and 2255 ¶ 8: when the first is successful, and the prisoner contends that new errors ensued. *Walker's* first collateral attack led to a directive that he be resentenced. We held that he did not need advance appellate approval to challenge the procedures that yielded his new sentence. *Walker* was a simple case because the events being challenged occurred after the conclusion of his first collateral attack; *Martinez–Villareal* fortifies our conclusion in *Walker* that new events may be contested in a petition that counts as the first (and therefore does not require appellate leave). Today's case is governed in part by this principle— for if Shepeck's appellate lawyer furnished ineffective assistance of counsel, that constitutional violation occurred *after* the grant of his first petition under § 2255—but only in part, for Shepeck also wants to contest events that took place before he filed his first collateral attack.

Nonetheless, we think that the rationale of *Martinez–Villareal* shows that Shepeck does not need appellate approval, because the arguments he now seeks to present were unripe until he was resentenced after his first § 2255 petition. The main point of *Castellanos* is that a defendant abandoned by his lawyer need not demonstrate that there was any legal flaw in his conviction or sentence; all he must show is that his lawyer left him in the lurch. Whether the conviction or sentence is valid will be determined later, with the assistance of counsel. Treating Shepeck's invocation of the right to counsel as an initial collateral attack would have the unfortunate (and, we held in *Castellanos,* unconstitutional) result of forcing a defendant to make, without assistance of counsel, all of his substantive objections to the conviction and sentence. Our holding in *Castellanos* that a prisoner may obtain the equivalent of a direct appeal by showing that he was deserted by his lawyer implies that the new sentence puts the defendant in the same *legal* position as a person taking an appeal from the original judgment. Such a person is entitled to prosecute one collateral attack on the judgment. For purposes of §§ 2244 and 2255 ¶ 8, then, an order *granting* a § 2255 petition, and reimposing sentence, resets to zero the counter of collateral attacks pursued. Shepeck does not need our approval to commence what will be his first substantive collateral challenge to his sentence. His application is therefore dismissed.