**In re: Mervyn Clinton GODDARD, Movant.**

No. 98–552.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 22, 1998.

Decided March 11, 1999.

**ARGUED:** Olivier Sylvain, Appellate Litigation Program, Georgetown University Law Center, Washington, D.C., for Movant. Donald Ray Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Respondent. **ON BRIEF:** Steven H. Goldblatt, Director, Catherine E. Lhamon, Supervising Attorney, Appellate Litigation Program, Georgetown University Law Center, Washington, D.C., for Movant. Robert P. Crouch, Jr., United States Attorney, Rachel E. Jackson, Third Year Law Student Intern, Roanoke, Virginia, for Respondent.

Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.

Dismissed by published opinion. Judge MICHAEL wrote the majority opinion, in which Senior Judge BUTZNER joined. Judge WILKINS wrote a dissenting opinion.

## OPINION

MICHAEL, Circuit Judge:

Mervyn C. Goddard has applied to us under 28 U.S.C. § 2244(b)(3) for authorization to file a "second or successive" § 2255 motion, which would assert a substantive challenge to his sentence. Because Goddard used his first § 2255 motion solely to reinstate his right to direct appeal, that motion does not count against him. He therefore does not need our authorization.

## I.

On August 23, 1993, Goddard pled guilty to three counts involving federal drug offenses under 21 U.S.C. §§ 841 and 846. After receiving a presentence report and conducting a full sentencing hearing, the district court entered judgment on January 10, 1994, sentencing Goddard to 120 months in prison to be followed by ten years of supervised release. No appeal was taken from this judgment. More than two years went by, and on March 18, 1996, Goddard filed a pro se § 2255 motion in district court claiming that, despite his request, his lawyer had failed to appeal. No other claim was asserted. We need not go into the details, but the district court granted the motion after finding that Goddard missed the appeal deadline due to ineffective assistance of counsel. To give Goddard a new ten-day period for noting an appeal, the court in November 1996 entered a new judgment with the same sentence as before. Goddard then filed a timely notice of appeal.

On appeal to us Goddard claimed errors in the determination of drug quantities attributable to him for sentencing purposes. He also asserted that he had ineffective assistance of counsel in the sentencing proceedings. We affirmed Goddard's sentence on January 28, 1998. In doing so, we declined to address the ineffective assistance issue because "the record d[id] not conclusively demonstrate ineffectiveness." *United States v. Goddard*, No. 96–4885, slip op. at 6 (4th Cir. Jan. 28, 1998). We noted that the ineffective assistance claim "may be asserted in a § 2255 proceeding should Goddard choose to do so." *Id.* This is where the rub comes.

Goddard filed another § 2255 motion in district court on March 16, 1998, this time alleging ineffective assistance of counsel in his sentencing proceedings, all of which took place before the entry of the original judgment. Believing that this motion was "second or successive" under § 2255, the district court said it could consider the motion only if this court authorized it under §§ 2244 and 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, 110 Stat. 1214 (1996). Accordingly, the district court dismissed the motion without prejudice. Goddard then came to this court and filed a motion under § 2244 for an order authorizing the district court to consider his second § 2255 motion. We appointed counsel for Goddard and asked the parties to brief the following issue: is a subsequent motion under § 2255 "second or successive" when the first § 2255 motion was granted to afford the petitioner the opportunity to file a direct criminal appeal.

## II.

■ Efforts to limit second or successive § 2255 motions are not new. The old statute provided that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255 (1994), *amended by* AEDPA (1996). The new AEDPA amendments place much more stringent limits on a federal prisoner's ability to make second or successive § 2255 motions. But the amended § 2255, just like the old section, does not define the term "second or successive." In any event, under the AEDPA amendments a second or successive motion may be heard only if it involves newly discovered evidence that is potentially dispositive or a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255. Moreover, before a prisoner can pursue a qualifying "second or successive" § 2255 motion, he must obtain authorization from the court of appeals. *See* 28 U.S.C. § 2244(b)(3).

■ The claim that Goddard wants to raise in his new motion—that he had an ineffective lawyer in his one sentencing proceeding—does not satisfy the new criteria for a successive attack. We therefore cannot approve his application to proceed with a "second or successive" motion. We can, however, take a look at whether his new motion must be considered as "second or successive." If it is not, Goddard does not need our authorization to proceed, and the district court should not have dismissed the § 2255 motion he filed on March 16, 1998.

After Goddard's first lawyer failed to appeal, Goddard filed his first § 2255 motion to have his judgment vacated and reentered so that he could take a direct appeal. His appeal was unsuccessful, so he now wants to mount a substantive collateral attack, through a new § 2255 motion, on the proceedings that led to his sentence. Again, the question is whether such a new motion is "second or successive." The Seventh Circuit has said "no," holding that "an order granting a § 2255 petition, and reimposing sentence [to permit a direct appeal], resets to zero the counter of collateral attacks pursued." *Shepeck v. United States,* 150 F.3d 800, 801 (7th Cir.1998) (per curiam). The Tenth Circuit has taken the same position. *United States v. Scott,* 124 F.3d 1328, 1330 (10th Cir.1997) (per curiam) (holding that "because of the unique situation presented when the granting of the prior [§ 2255] motion merely reinstated the right to a direct appeal, the first subsequent motion is not a second or successive motion under AEDPA."). We agree with *Shepeck* and *Scott.*

After conviction and the entry of judgment, the normal defendant in a federal criminal case may pursue a direct appeal and thereafter take "one further bite at the apple" in a § 2255 motion. *See In re Davenport,* 147 F.3d 605, 610 (7th Cir.1998) (Posner, C.J.). Because this process got off the track for Goddard, he was forced to use his first § 2255 motion to reclaim his right to direct appeal. What happened was not Goddard's fault. His lawyer bungled the job by failing to realize that there was yet time to note an appeal after Goddard asked for one. The only purpose of the reentered judgment, prompted by the first § 2255 motion, was to put him back in the position he would have been in had his lawyer filed a timely notice of appeal. *See e.g., United States v. Peak,* 992 F.2d 39 (4th Cir.1993). Goddard, however, would not be fully restored to that position if his subsequent § 2255 motion, filed after his direct appeal, is counted as "second or successive." Under such counting a prisoner like Goddard, who was abandoned by his lawyer after sentencing, would have two options, each of which results in a limitation on his post-conviction remedies.

First, the prisoner could use his one free § 2255 motion for the sole purpose of reinstating his time for filing a notice of appeal. He then would be limited, however, to the direct appeal. Thereafter, he would be deprived of the opportunity to make a full, substantive collateral attack on his conviction and sentence. *Cf. O'Connor v. United States,* 133 F.3d 548, 550 (7th Cir.1998) (Easterbrook, J.) ("The idea behind § 2255 ¶8 [the successive motion provision] is that a prisoner is entitled to *one, but only one, full and fair opportunity* to wage a collateral attack.") (emphasis added). In sum, a prisoner who uses his one § 2255 motion to regain his constitutional right to a direct appeal will not have a full and fair opportunity to wage a collateral attack.

Second, the prisoner in his first § 2255 motion could join his appeal reinstatement claim with all other attacks on his conviction and sentence, including those that could have been raised on direct appeal. This has real disadvantages. It forces a prisoner, without the assistance of counsel, to make the substantive objections to his conviction and sentence that his lawyer would have made for him on direct appeal. Moreover, these objections would be subjected to the more stringent standards of review that apply to collateral proceedings. If the prisoner's substantive challenges were denied on the merits, they could not be reasserted even if he was permitted a direct appeal.[1]

---

1. The dissent suggests that a prisoner who was denied an appeal has another option if his first § 2255 motion is counted. According to the dissent, such a prisoner, in moving under § 2255, should assert all collateral claims but withhold issues reviewable on direct appeal; the latter issues could then "be raised on direct appeal if relief permitting a direct appeal is granted in the § 2255 proceeding." Post at 441. The problem with the dissent's approach is that a prisoner moving to get his appeal right reinstated is proceeding without counsel. We cannot expect him to analyze his claims and make judgment calls about which ones are truly collateral and which ones are better reserved for direct appeal. Placing this burden on a prisoner who has lost his appeal rights would put him in a position inferior to that of a defendant whose lawyer filed a timely notice of appeal. In the second instance, the defendant receives the assistance of counsel in identifying issues appropriate for direct review before any issue has been raised

Either course that is forced by calling Goddard's new motion "second or successive" puts him, solely because his first lawyer failed him, at a significant disadvantage in comparison to a defendant whose lawyer followed instructions and noted a timely appeal from the original judgment. The only effective remedy for a prisoner deprived of the right to direct appeal is twofold: allow him to use a § 2255 motion to reinstate the appeal process through reentry of judgment and allow him to raise collateral claims in a subsequent § 2255 motion filed after the direct appeal is concluded. This can only be accomplished if the § 2255 motion count starts anew when judgment is reentered to allow an appeal.

A decision not to count Goddard's first § 2255 motion has support beyond the comparable cases of *Shepeck* and *Scott.* Since the passage of the AEDPA amendments, other courts, including the Supreme Court, have concluded that certain § 2254 and § 2255 motions that were dismissed for reasons such as unripeness, failure to exhaust state remedies, or failure to pay filing fees are not counted in determining whether a later motion is "second or successive." *See, e.g., Stewart v. Martinez-Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 1621, 140 L.Ed.2d 849 (1998) (holding that prisoner's § 2254 claim that he was incompetent to be executed, which was raised in prior federal habeas proceeding but dismissed as premature, does not qualify as "second or successive" motion under the AEDPA amendments); *Carlson v. Pitcher,* 137 F.3d 416, 420 (6th Cir.1998) (holding that § 2254 motion filed after prior motion was dismissed for failure to exhaust state remedies is not "second or successive"); *McWilliams v. Colorado,* 121 F.3d 573, 575 (10th Cir.1997) (same); *In re Gasery,* 116 F.3d 1051, 1052 (5th Cir.1997) (same); *Christy v.*

*Horn,* 115 F.3d 201, 208 (3d Cir.1997) (same); *In re Turner,* 101 F.3d 1323, 1323 (9th Cir. 1996) (same); *Dickinson v. Maine,* 101 F.3d 791, 791 (1st Cir.1996) (same); *Camarano v. Irvin,* 98 F.3d 44, 46 (2d Cir.1996); *Benton v. Washington,* 106 F.3d 162, 164 (7th Cir.1996) (holding that a § 2254 motion rejected for failure to pay a filing fee should not be counted in determining whether the next motion is "second or successive"). A motion mislabeled as a § 2255 motion is likewise not counted. *Chambers v. United States,* 106 F.3d 472, 474 (2d Cir.1997) (holding "that a petition asserting a claim to relief available under 28 U.S.C. § 2255 is not a 'second or successive' application" when prior application for § 2241 relief was mislabeled as one brought under § 2255).

We borrow language from the Seventh Circuit in announcing our holding: when a prisoner's first § 2255 motion is granted to reenter judgment and permit a direct appeal, "the counter of collateral attacks pursued" is "reset to zero." *Shepeck,* 150 F.3d at 801. In this case, therefore, Goddard's later (substantive) § 2255 motion, filed in district court on March 16, 1998, was not "second or successive," and it should not have been dismissed. Because Goddard does not need our authorization to refile that motion, his application is dismissed.[2]

*DISMISSED.*

WILKINS, Circuit Judge, dissenting:

Mervyn Clinton Goddard seeks permission from this court to file a "second or successive" motion under 28 U.S.C.A. § 2255 (West 1994 & Supp.1998). The majority determines that the § 2255 motion Goddard seeks to file is not "second or successive" and dismisses his request for permission. This determination is based upon the erroneous premise that it would be unfair to require a

---

unnecessarily (and ill-advisedly) in a collateral motion.

**2.** The First Circuit would decide this case differently. *See Pratt v. United States,* 129 F.3d 54 (1st Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1807, 140 L.Ed.2d 945 (1998). That circuit requires a prisoner to join all attacks on his judgment, including his appeal reinstatement claim, in his first § 2255 motion. The First Circuit

"discern[s] no unfairness in holding [a prisoner] to this regimen" and believes it to be consistent "with the spirit of AEDPA's restrictions on second and successive habeas petitions." *Id.* at 61. We disagree. As we have indicated, such an approach severely diminishes the value of a reinstated appeal right. While the AEDPA amendments are strict, we believe they still leave room for one full collateral attack after an earlier § 2255 motion reclaimed the right to a direct appeal through reentry of judgment.

movant in Goddard's position to bring all of the issues collaterally attacking his federal conviction and sentence in his first § 2255 motion along with a claim that counsel was ineffective for failing to perfect a timely appeal. Because no such unfairness exists, and because as a practical matter a § 2255 movant already is motivated to bring all such issues in a first motion, I conclude that the § 2255 motion Goddard seeks permission to file is a "second or successive" one. Further, because it is undisputed that Goddard has not shown that the § 2255 motion he seeks permission to file is based on newly discovered evidence or a new rule of constitutional law, I would deny Goddard's request.

## I.

Goddard pled guilty to one count of conspiracy to possess with the intent to distribute and to distribute cocaine base, *see* 21 U.S.C.A. § 846 (West Supp.1998), and two counts of distributing, or aiding and abetting another to distribute, cocaine base, *see* 18 U.S.C.A. § 2 (West 1969); 21 U.S.C.A. § 841(a)(1) (West 1981). Goddard's presentence report recommended attributing 240 grams of cocaine base to him. Based on that amount and the fact that Goddard previously had been convicted of a felony drug offense, the report stated that a 20–year mandatory minimum sentence applied. *See* 21 U.S.C.A. § 841(b)(1)(A) (West Supp.1998).

Defense counsel did not challenge the conclusion of the presentence report that Goddard satisfied the conditions necessary to trigger application of the 20–year mandatory minimum sentence. However, recognizing that the district court would have discretion to determine the extent of any departure from that mandatory minimum in the event that the court granted the Government's request for a downward departure based upon substantial assistance, defense counsel offered evidence that Goddard was at most a minor participant in the conspiracy and was not aware of its full scope. Defense counsel argued that Goddard was responsible for, "at best, around 40 or 50 grams, even maybe perhaps 60." J.A. 109. And, when specifically asked by the court what finding defense counsel wanted the court to make with re-

spect to the amount of cocaine base attributable to Goddard, defense counsel replied, "I guess I'm just looking for about 60.... I think that would be going extremely high." J.A. 111.

The court accepted defense counsel's recommendation, finding "that perhaps the Court cannot reasonably place more than 60 grams [with Goddard], although there may be other evidence out there." J.A. 114. The court noted that accepting the drug amount suggested by defense counsel rather than the estimate in the presentence report did not affect the sentencing guideline calculation because the 60–gram quantity remained sufficient to trigger the 20–year mandatory minimum sentence. The court then granted the Government's substantial assistance motion and, departing from the 20–year mandatory minimum term, sentenced Goddard to ten years imprisonment.

On March 18, 1996, Goddard filed a motion seeking collateral relief pursuant to § 2255, maintaining that his attorney's failure to file a notice of appeal from his conviction and sentence denied him his Sixth Amendment right to effective assistance of counsel. The district court granted Goddard's motion, vacated the prior judgment, and entered a new judgment in order for Goddard to pursue a timely direct appeal. This court subsequently affirmed Goddard's sentence.

Thereafter, Goddard filed a second § 2255 motion, alleging that trial counsel performed ineffectively at Goddard's initial sentencing. The district court dismissed the petition without prejudice, ruling that because Goddard had filed a previous § 2255 motion, the new one was "second or successive" within the meaning of § 2255 as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. As such, the district court held that it lacked jurisdiction to consider Goddard's motion until he received permission from this court to proceed. Goddard subsequently filed the present request with this court.

## II.

The AEDPA amended 28 U.S.C.A. § 2255 to require a movant to obtain permission

from the relevant court of appeals prior to filing a "second or successive" motion to vacate sentence in the district court. 28 U.S.C.A. § 2255; *see* 28 U.S.C.A. § 2244(b)(3)(A) (West Supp.1998).[1] Thus, Goddard cannot advance the issues he desires to raise in this motion if it is a "second or successive" one. Accordingly, the dispositive issue presented is whether Goddard's initial § 2255 motion, seeking to obtain a direct appeal, renders the present one "second or successive" within the meaning of the AEDPA.

Although the AEDPA uses the term "second or successive" with respect to both petitions filed pursuant to 28 U.S.C.A. § 2254 (West 1994 & Supp.1998) and § 2255 motions, Congress did not define the term. The Supreme Court, however, has addressed the meaning of the term "second or successive" in *Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). Rejecting the plain meaning of the phrase "second or successive," the Court held that a petition or motion is not "second or successive" within the meaning of the AEDPA merely because it is numerically a second (or third, etc.) petition or motion. *See id.* at 1621–22. Instead, the Court indicated that an earlier petition should not count as the first if counting it as such would unfairly deprive the petitioner of an adjudication of his claim, explaining that "[t]o hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 1622.[2] The reasoning of the *Martinez-Villareal* Court requires that in determining whether to consider an initial petition as a first petition, a court should analyze whether doing so would unfairly prevent the petitioner from receiving review of his claim employing pre-AEDPA abuse-of-the-writ principles.

The majority apparently agrees that *Martinez–Villareal* instructs that in interpreting whether an initial petition or motion should "count" as a first, such that a later petition or motion is "second or successive," we should be guided by whether counting the first petition or motion would work an unfairness on the petitioner or movant considering pre-AEDPA abuse-of-the-writ principles. Furthermore, each of the courts of appeals that has addressed the precise question presented here—the meaning of the term "second or successive" in the context of whether an initial § 2255 motion seeking to obtain a direct appeal of a federal criminal conviction and sentence renders a subsequent § 2255 motion "second or successive"—has analyzed the issue by asking whether counting the first motion would be unfair. *See Shepeck v. United States,* 150 F.3d 800, 801 (7th Cir. 1998) (per curiam) (holding that a § 2255 motion filed after the completion of a direct appeal made possible by relief granted in an earlier § 2255 motion was not "second or successive"); *Pratt v. United States,* 129 F.3d 54, 60–61 (1st Cir.1997) (holding that a § 2255 motion filed after the completion of a direct appeal made possible by relief granted in an earlier § 2255 motion was barred as "second or successive"), *cert. denied,* —— U.S. ——, 118 S.Ct. 1807, 140 L.Ed.2d 945 (1998); *United States v. Scott,* 124 F.3d 1328, 1329–30 (10th Cir.1997) (per curiam) (same as *Shepeck*). These courts of appeals have reached different results, however, because they have not all applied that analysis correctly.

---

1. Authorization will be granted by this court only if the second or successive motion is based on:

   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

   28 U.S.C.A. § 2255. Here, as the majority correctly recognizes, it is undisputed that Goddard cannot show that his request for relief is based upon either newly discovered evidence or a new rule of constitutional law.

2. The Court recognized three such situations: (1) a petition asserting a claim that was previously dismissed because it was unexhausted; (2) a petition filed after a court dismissed an earlier petition for a technical reason, such as failure of the petitioner to pay the filing fee, without reaching the merits; and (3) a petition asserting a claim of incompetency to be executed that was previously unripe because an execution date had not been set.

The majority, relying on *Shepeck* and *Scott,* reasons that if a § 2255 motion seeking to obtain a direct appeal is counted as a first § 2255motion for purposes of determining whether a later § 2255 motion is second or successive, the movant would be placed in a position of having to elect between two untenable choices when filing his initial § 2255 motion. According to the majority, such a movant would be required either to utilize his first § 2255 motion solely to obtain adirect appeal—and thereby lose his right to assert other collateral attacks—or to include all of the issues he could raise—including those attacks properly pursued on direct appeal—in his first § 2255motion. Forcing movants to make this choice would be unfair, the majority continues, because it would compel them to forfeit either the benefits of the assistance of counsel and of the more favorable standard of review available on direct appeal or the ability to pursue their remaining issues.

The Hobson's choice envisioned by the majority is illusory, however, because a requirement that a movant must pursue all collateral review in his initial § 2255 motion would deprive the movant of neither his Sixth Amendment right to counsel nor the more favorable standard of review available on direct appeal. Nothing requires a movant to pursue issues properly brought on direct appeal in a § 2255 proceeding. Issues properly pursued on direct appeal should be reserved to be raised on direct appeal if relief permitting a direct appeal is granted in the § 2255 proceeding. In addition, no unfairness is worked upon a § 2255 movant by a requirement that he bring all of his collateral attacks, including a claim that he was denied his Sixth Amendment right to counsel when counsel failed to perfect a timely direct appeal, in his initial § 2255 proceeding. A movant has no right to counsel or a more favorable standard of review with respect to any of the issues properly presented in his § 2255 proceeding. And, a movant is motivated to bring all such claims in his initial § 2255 motion because if he does not and his claim that he was deprived of his direct appeal because counsel was ineffective in failing to perfect a timely direct appeal is rejected, he will be procedurally barred from asserting the remaining collateral attacks.[3]

In sum, a § 2255 movant suffers no unfairness from a requirement that he pursue all of his collateral issues in his first § 2255 motion, including a claim that he has been deprived of a direct appeal by ineffective assistance of counsel. Furthermore, such a rule corresponds to present practice because a § 2255 movant presently is motivated to bring all of his collateral attacks in his initial motion rather than risk that he may be procedurally barred from pursuing them later. Therefore, I would hold that a § 2255 motion seeking to obtain a direct appeal counts as a first motion such that a later motion raising claims that could have been advanced in the initial motion is "second or successive." Accordingly, I would deny Goddard permission to file a second or successive § 2255 motion.[4]

---

**3.** Not surprisingly, we routinely review § 2255 proceedings in which a claim that counsel was ineffective for failing to perfect a direct appeal is combined with the movant's other collateral issues, such as a claim of ineffective assistance of trial counsel. *See, e.g., United States v. Pollard,* 139 F.3d 895 (4th Cir.1998) (unpublished table decision) (per curiam); *United States v. St. Germain,* 76 F.3d 376, 1996 WL 43578 (4th Cir. 1996) (unpublished table decision) (per curiam).

**4.** Goddard also contends that he can pursue an ineffective assistance of counsel claim in this § 2255 motion because this court said that he could in his direct appeal. In addressing Goddard's argument in the direct appeal that counsel was ineffective, this court stated:

> "[A] claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." *United States v. Williams,* 977 F.2d 866, 871 (4th Cir.1992). Because the record does not conclusively demonstrate ineffectiveness, we decline to address the issue. This issue may be asserted in a § 2255 proceeding should Goddard choose to do so.

*United States v. Goddard,* 134 F.3d 365, 1998 WL 29260, at *3 (4th Cir.1998) (unpublished table decision) (per curiam). Goddard maintains that

the last sentence in this quote is the law of the case and that since this court said he could pursue the issue in a § 2255 motion, he can. The Government counters that a statement by the court is not considered to be the law of the case unless it constitutes a decision of the court. *See United States v. Bell,* 5 F.3d 64, 66 (4th Cir.1993) (noting that law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court"). The Government points out that there was no issue presented in the earlier appeal concerning whether a later § 2255 motion would be considered "second or successive." Thus, the Government asserts, the statement in our earlier opinion does not control.

As the Government correctly contends, our prior decision merely addressed Goddard's argument that counsel was ineffective and explained in standard language that his ineffective assistance of counsel claim was properly considered in a collateral proceeding, not on direct appeal. We were not called upon to decide whether Goddard could pursue a claim of ineffective assistance of counsel in a later § 2255 proceeding.