Randell Allen **CANTRELL**, Petitioner,

v.

**UNITED STATES of America,**
Defendant.

No. 3:00–0964.

United States District Court,
M.D. Tennessee,
Nashville Division.

Nov. 28, 2000.

Randell Allen Cantrell, Manchester, KY, Pro se.

Wendy Hildreth Goggin, Quenton I. White, Office of the United States Attorney, Nashville, for USA, respondents.

### MEMORANDUM ORDER

WISEMAN, Senior District Judge.

The Government asserts this is a second or successive § 2255 motion that must be authorized by the Court of Appeals before this Court can hear it. Hence, the Government requests the motion be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631 and stayed until a panel can certify it. However, for the reasons articulated below, the Court finds that this is not a "second or successive motion" within the meaning of 28 U.S.C. § 2255. Cantrell therefore does not need the authorization of the Court of Appeals, and this Court has jurisdiction to decide his claims. In light of the Court's power to decide the motion, the United States is hereby ordered to respond to the merits of Cantrell's motion within thirty (30) days.

### I.

Petitioner Randell Allen Cantrell pled guilty to six drug offenses and one count of

unlawful possession of a firearm. On July 22, 1996, the Court sentenced him to 137 months. On October 24, 1996, the Court denied a motion to allow a late filing of his notice to appeal. In February 1997, Cantrell filed a petition under 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel because his lawyer did not file a timely notice of appeal. The Court granted that motion and allowed Cantrell to file a late notice of appeal. On appeal, the Sixth Circuit upheld Cantrell's conviction and sentence. He then filed this § 2255 motion.

## II.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 grants a prisoner in federal custody one "free" motion for habeas review in the court which sentenced him. Before the court can hear a "second or successive motion," a panel of the appropriate court of appeals must, in accordance with 28 U.S.C. § 2244, certify that the motion involves either newly discovered evidence that might vindicate the prisoner or a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. Section 2255 does not, however, define exactly which motions are "second or successive."

Circuits are split as to whether a prisoner in Cantrell's position has filed a "second or successive" motion that must be certified by the court of appeals. The Fourth Circuit ruled on similar facts in *In re Goddard*, 170 F.3d 435 (4th Cir.1999). After pleading guilty to three drug offenses, Goddard was sentenced and eventually filed a § 2255 motion claiming that, despite his request, his lawyer had failed to appeal his case. *Id.* at 436. To give Goddard a new ten day period for filing a direct appeal, the court entered a new judgment with the same sentence as before. *Id.* The Court of Appeals affirmed Goddard's sentence. *Id.* Goddard then filed another § 2255 motion alleging ineffective assistance of counsel in the sentencing proceed-

ings that took place before entry of the original judgment. *Id.* The district court dismissed the motion on the grounds that it was "second or successive" and had not been certified by the court of appeals. *Id.*

The Fourth Circuit reversed the district court and found that granting the initial § 2255 motion had merely reinstated Goddard's right to direct appeal. *Id.* at 437. As the court explained, the only purpose of granting the initial § 2255 motion was to put Goddard back in the position he would have been in had his lawyer filed a timely appeal. *Id.* If such motions count as a first § 2255, prisoners like Goddard would be limited to using their one free § 2255 motion to reinstate a direct appeal and would essentially lose the full and fair opportunity to make a collateral attack. *Id.* A prisoner's only other choice would be to attach all possible claims, including those that could be raised on direct appeal, to his request for reinstatement of an appeal. *Id.* The court explained that this latter choice would force a prisoner without assistance of counsel to make substantive objections his lawyer would have made on appeal. *Id.* Such objections would be subject to the more stringent standards of review that apply to collateral proceedings. *Id.* Furthermore, if such substantive challenges in the § 2255 were denied on the merits, the prisoner could not reassert them even if permitted a direct appeal. *Id.*; *see Shepeck v. United States*, 150 F.3d 800, 801 (7th Cir.1998) (an order granting a § 2255 motion and reimposing a sentence so that a direct appeal might be pursued "resets to zero the counter of collateral attacks pursued"); *United States v. Scott*, 124 F.3d 1328, 1329 (10th Cir. 1997) (on similar facts, court found "a § 2255 motion should not be considered before the disposition of the direct criminal appeal").

The First and Fifth Circuits disagree with the conclusion reached by the Fourth, Seventh, and Tenth Circuits. In *United States v. Orozco-Ramirez*, the Fifth Circuit, ruling on facts almost identical to

those in *Goddard,* determined that a prisoner is always properly motivated to present all his collateral attacks in his initial motion because he does not know whether his request to file an untimely appeal will be granted. 211 F.3d 862, 869 (5th Cir. 2000). As the Fifth Circuit reasoned, if the court did not allow the request for an untimely appeal, any subsequent motion would be second or successive, and the court would have to dismiss any grounds not asserted in the initial motion. *Id.* Therefore, a prisoner should assert all claims available to him at the time he files the initial motion. *Id.; see Pratt v. United States,* 129 F.3d 54, 61 (1st Cir.1997) ("The requirement that all available claims be presented in a prisoner's first habeas motion is consistent not only with the spirit of the AEDPA's restrictions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court.")

### III.

Cantrell's initial § 2255 petition for an untimely appeal does not count against him. As the court in *Goddard* explained, the decision to allow an untimely appeal essentially restarted the counting of § 2255 petitions, just as if his attorney had filed for a timely direct appeal in the first place. In other words, by granting the initial motion with respect to filing an appeal, the Court remedied the defects of his lawyer's faulty performance, thereby restoring him to the position of a similarly-situated defendant who did receive adequate counsel. Counting the initial motion against Cantrell for purposes of habeas review would impair his ability to seek full collateral review and would essentially penalize him further for his lawyer's mistake.

The Court also notes that this result simplifies matters. Otherwise, Cantrell could raise collateral attacks related to the appellate procedure-which did not yet exist and could not have been raised in the initial § 2255–in what would presumably be another first or "free" motion under § 2255, whereas the attacks on the original proceedings would be deemed "second or successive" and would need to be certified by the court of appeals. *See Orozco–Ramirez,* 211 F.3d at 869 (§ 2255 challenges related to the appeal were not second or successive because the prisoner could not have asserted them in the first motion). In such a case, Cantrell would essentially have two § 2255 petitions, both related to proceedings involving the same conviction, moving through the courts at once. The Fourth Circuit's approach in *Goddard* at least preserves all collateral attacks-whether arising before or after direct appeal-for consideration in one motion after direct appeal is final.

### IV.

Because the sole effect of Cantrell's initial § 2255 motion was to reinstate his right to direct appeal, the § 2255 motion now before the Court is not "second or successive," and this Court can hear the merits of the motion. In light of this Court's jurisdiction, the United States shall have thirty (30) days to respond to the merits of Cantrell's current § 2255 motion.