UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                              No. 02-6442

GERRY LEE MCCOY,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-93-90-N)

Submitted: November 14, 2002

Decided: January 8, 2003

Before WILKINS and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

### COUNSEL

Gerry Lee McCoy, Appellant Pro Se. Fernando Groene, OFFICE OF
THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gerry Lee McCoy was convicted after a jury trial of conspiracy to distribute cocaine and possession of cocaine with intent to distribute. He did not appeal. Instead, he filed a 28 U.S.C. § 2255 (2000) motion, contending that counsel was ineffective due to a conflict of interest and also for failing to file a notice of appeal.

The district court found that, although there was no evidence of a conflict of interest, McCoy's counsel rendered ineffective assistance by failing to appeal. Therefore, the district court vacated the earlier judgment and reentered the same judgment in the case. McCoy filed a timely notice of appeal as to both his conviction and the decision in his § 2255 motion (presumably regarding the denial of his conflict of interest claim). We affirmed McCoy's convictions.

McCoy then filed the instant § 2255 motion in the district court. The district court dismissed the motion for failure to receive authorization from this court to file a successive motion, and McCoy timely appealed.*

In *In re: Goddard*, 170 F.3d 435, 438 (4th Cir. 1999), we held that when a prisoner's first § 2255 motion is granted to reenter judgment and permit a direct appeal, the number of collateral attacks pursued is reset to zero. Because the district court granted McCoy's original § 2255 motion and reentered judgment to permit a direct appeal, the instant § 2255 motion is not a second or successive motion within the meaning of § 2255. Therefore, the district court erred by holding that McCoy was required to obtain an order from this court authorizing the district court to consider the motion.

Consequently, we grant a certificate of appealability, vacate the order of the district court, and remand for further proceedings. We

---

*This case has recently been returned to this court, after a limited remand to the district court to determine the timeliness of McCoy's notice of appeal. The district court determined, without objection, that the notice of appeal was timely filed.

dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*