**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4141**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTOINE GRACIUS, a/k/a Julian, a/k/a Antoine
Gracias,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Salisbury.  William L. Osteen,
District Judge.  (CR-97-114)

---

Submitted:  August 31, 2005        Decided:  September 22, 2005

---

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North Carolina,
for Appellant.  Anna Mills Wagoner, United States Attorney,
Clifton T. Barrett, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Antoine Gracius pled guilty to conspiracy to distribute fifty grams or more of cocaine base (crack), 21 U.S.C. § 846 (2000), and received a sentence of 168 months imprisonment. Gracius appeals his sentence,[*] contending that he is entitled to be resentenced in light of United States v. Booker, 125 S. Ct. 738 (2005), because the district court plainly erred in sentencing him under a mandatory guideline sentencing scheme. We affirm.

In Booker, the Supreme Court held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56. The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Id. at 756-57.

_____

[*]Gracius' first pro se appeal was dismissed as untimely. Gracius then filed a motion to vacate under 28 U.S.C. § 2255 (2000), alleging that his attorney failed to file a notice of appeal as he requested. Relief was granted under United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) (failure to note requested appeal is denial of Sixth Amendment right to assistance of counsel). However, due to a clerical error, the amended judgment order entered in October 2001 was not sent to Gracius' attorney and he again failed to perfect an appeal. In 2002, Gracius filed another § 2255 motion seeking to set aside the judgment. The district court found that relief was warranted and entered a second amended judgment on January 11, 2005. Because the district court granted Gracius' original § 2255 motion and reentered judgment to permit a direct appeal, the next § 2255 motion was not a second or successive motion within the meaning of § 2255. In re Goddard, 170 F.3d 435 (4th Cir. 1999).

- 2 -

Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), we held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, admitted by the defendant), constitutes plain error. That error affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56.

In United States v. White, 405 F.3d 208 (4th Cir. 2005), we held that treating the guidelines as mandatory was plain error in light of Booker, id. at 216-17, but we declined to presume prejudice. Id. at 217-22. We held that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." Id. at 223 (internal quotation marks and citations omitted). To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224. When "the record as a whole provides no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed,'" id. at 223 (quoting Williams v. United

States, 503 U.S. 193, 203 (1992)), the error did not affect the defendant's substantial rights. Id. at 225 (affirming sentence); see United States v. Collins, 412 F.3d 515, 524-25 (4th Cir. 2005) (finding that defendant failed to demonstrate prejudice from being sentenced under mandatory sentencing guidelines).

Here, the district court made no fact findings that increased Gracius' sentence beyond those facts he admitted by stipulating that he was responsible for more than 1.5 kilograms of crack. Therefore, no Sixth Amendment violation occurred. The court imposed Gracius' sentence under a mandatory sentencing guidelines scheme, which was plain error. White, 405 F.3d at 216-17. However, because the record contains no nonspeculative basis on which this court could conclude that the district court would have sentenced Gracius to a lesser sentence had the court proceeded under an advisory guideline scheme, Gracius has failed to demonstrate that the plain error in sentencing him under a mandatory guidelines scheme affected his substantial rights.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -