**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7898**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CALVIN LAMONT JACKSON,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson, Jr., District Judge. (7:06-cr-00712-GRA-1; 7:08-cv-70041-GRA)

Submitted: February 18, 2009          Decided: March 18, 2009

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Calvin Lamont Jackson, Appellant Pro Se. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Lamont Jackson seeks to appeal the district court's order adjudicating his 28 U.S.C. § 2255 (2006) motion, in which the district court granted relief in part by directing vacatur and reentry of Jackson's criminal judgment so as to permit him an opportunity to file a direct appeal, but dismissed the remainder of the § 2255 claims on the ground that they were without merit.

We initially note that despite the district court's order granting partial relief on Jackson's § 2255 motion, his criminal judgment was not subsequently vacated and reentered as directed. While Jackson filed a notice of appeal with the district court in which he sought to pursue his direct appeal, there was no new criminal judgment from which he could timely appeal, thereby preventing review of his conviction and sentence by this court.

Furthermore, while the district court denied relief as to the remainder of Jackson's § 2255 claims and dismissed them with prejudice, we note that those claims could otherwise be raised in Jackson's reinstated direct appeal. When a prisoner has wrongly been denied his right to a direct appeal, he should not be forced to raise all possible claims against his criminal judgment in his first § 2255 motion and thereby "make the substantive objections to his conviction and sentence that his

2

lawyer would have made for him on direct appeal." See In re Goddard, 170 F.3d 435, 437 (4th Cir. 1999). Therefore, we grant Jackson's motion for a certificate of appealability, modify the district court's dismissal of Jackson's remaining claims to be without prejudice, and affirm the dismissal as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED