**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6887**

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　v.

COLLINS KUSI SAKYI,

　　　　　Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.　Leonie M. Brinkema, District Judge.　(1:06-cr-00405-LMB-1; 1:08-cv-00321-LMB)

Submitted: March 25, 2011　　　　　Decided: April 7, 2011

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part as modified, vacated in part, and remanded with instructions by unpublished per curiam opinion.

Collins Kusi Sakyi, Appellant Pro Se.　Lawrence Joseph Leiser, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Collins Kusi Sakyi seeks to appeal the district court's order adjudicating his 28 U.S.C.A. § 2255 (West Supp. 2010) motion. The district court granted relief by providing Sakyi fourteen days in which to appeal his criminal judgment, but dismissed the remainder of the § 2255 claims on the ground that they were without merit.

An attorney who fails to file a direct appeal when requested to do so by his criminal defendant client "deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Counsel is not absolved of his duty to file a requested notice of appeal by a waiver of appeal rights in a plea agreement. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).[*] In this Circuit, where a prisoner successfully moves, pursuant to § 2255, to reinstate his right to a direct appeal, the proper remedy is to vacate the underlying judgment of conviction and reenter the judgment to permit the Fed. R. App. 4(b) appeal period to run anew. See Peak, 992 F.2d at 42.

---

[*] In this case, the district court declined to find counsel ineffective, but found that granting Sayki relief on this claim "is in the efficient administration of justice."

2

Despite the district court's grant of the relief described above, Sakyi's judgment of conviction was not vacated and reentered. Furthermore, while the district court denied relief on the merits as to the remainder of Sakyi's § 2255 claims, we note that those claims could otherwise be raised in Sakyi's reinstated direct appeal. When a prisoner such as Sakyi has wrongly been denied the right to a direct appeal, he should not be forced to raise all possible claims against his judgment of conviction in his first § 2255 motion and thereby, "make the substantive objections to his conviction and sentence that his lawyer would have made for him on direct appeal." In re Goddard, 170 F.3d 435, 437 (4th Cir. 1999).

To place Sakyi in the proper posture to proceed with his criminal appeal, we grant Sakyi a certificate of appealability and vacate that portion of the district court's order and judgment granting leave to file an out-of-time appeal. We remand with instructions to vacate and reenter Sakyi's judgment of conviction. We further modify the district court's denial of relief on Sakyi's remaining § 2255 claims to be without prejudice and affirm the denial of relief as modified. We dispense with oral arguments because the facts and legal

contentions are adequately presented in the materials before the court and arguments would not aid the decisional process.

AFFIRMED IN PART AS MODIFIED,
VACATED IN PART, AND
REMANDED WITH INSTRUCTIONS