**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5127**

_____

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

ROSE MARY BROOKS, Rosie Brooks,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:08-cr-00048-RLV-DSC-2)

_____

Submitted: June 22, 2011          Decided: July 1, 2011

_____

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Dennis E. Jones, DENNIS E. JONES & ASSOCIATES, P.C., Lebanon, Virginia, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rose Mary Brooks pleaded guilty, pursuant to a plea agreement, to one count of wire fraud, in violation of 18 U.S.C. § 1343 (2006). The district court sentenced Brooks to 108 months' imprisonment and ordered her to pay restitution.

Brooks appealed,[1] and her counsel filed an Anders[2] brief certifying that there are no meritorious issues for appeal but asking this court to review whether Brooks was denied effective assistance of counsel when trial counsel failed to investigate and develop mitigating evidence concerning Brooks' mental illness. Brooks has not filed a pro se supplemental brief, though informed of her right to do so.

To establish ineffective assistance of counsel, Brooks must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, unless counsel's "ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233,

---

[1] Brooks did not initially file an appeal. However, the district court granted her 28 U.S.C.A. § 2255 (West Supp. 2010) motion in part, in order to afford her a direct appeal.

[2] Anders v. California, 386 U.S. 738 (1967).

239 (4th Cir. 2006). As counsel notes, "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." Massaro v. United States, 538 U.S. 500, 504 (2003). Typically, as here, "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." Id. at 504-05.

The appellate record here falls short of conclusively demonstrating deficient performance by counsel below. Therefore, we decline to address this claim in this appeal, noting that Brooks may pursue it in a motion filed pursuant to 28 U.S.C.A. § 2255.[3]

In the course of our Anders review, we have assessed the Fed. R. Crim. P. 11 plea colloquy and conclude that the district court substantially complied with Rule 11's

---

[3] Although Brooks has already filed a § 2255 motion, where, as here, "a prisoner's first § 2255 motion is granted to reenter judgment and permit a direct appeal, the counter of collateral attacks pursued is reset to zero." In re Goddard, 170 F.3d 435, 438 (4th Cir. 1999) (internal quotation marks omitted). In reviewing Brooks' initial § 2255 motion, the district court properly dismissed her additional claims without prejudice. This will "allow [Brooks] to raise collateral claims in a subsequent § 2255 motion filed after the direct appeal is concluded." Id. at 438.

requirements. We note that the magistrate judge neglected to advise Brooks of the court's obligation to impose a special assessment, as required by Rule 11(b)(1)(L). However, the omission did not affect Brooks' substantial rights, Rule 11(h), because she agreed to pay the special assessment as part of her plea agreement and the Government reviewed this provision during the Rule 11 colloquy.

In accordance with <u>Anders</u>, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Brooks' conviction and sentence. This court requires that counsel inform Brooks, in writing, of the right to petition the Supreme Court of the United States for further review. If Brooks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brooks.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4