**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4889**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ROBERT FLEMING,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:09-cr-00021-FPS-JSK-7)

_____

Submitted:  March 19, 2012          Decided:  April 6, 2012

_____

Before WILKINSON, KING, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Katy J. Cimino, Assistant Federal Public Defender, Clarksburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, John C. Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Fleming pled guilty to one count of distribution of cocaine base within 1000 feet of a protected location, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(C), 860 (West 1999 & Supp. 2011). Fleming was sentenced to 121 months in prison. In accordance with Anders v. California, 386 U.S. 738 (1967), Fleming's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning whether the district court adequately complied with Rule 11 when accepting Fleming's plea. Fleming has filed a pro se supplemental brief in which he contends that (1) his plea was not knowing and voluntary, (2) he did not receive effective assistance of counsel during the plea and sentencing process, and (3) the Government breached the terms of his plea agreement. For the following reasons, we affirm Fleming's conviction and sentence.

First, because Fleming did not move to withdraw his plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "[T]o satisfy the plain error standard, [an appellant] must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if Fleming satisfies these requirements, correction of the error lies within our

2

discretion, if we conclude that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted). Counsel concedes that the Rule 11 proceeding contained no plain error, and, upon review, we agree.

Where, as here, the district court substantially complies with Rule 11 when accepting a defendant's plea, we attach a strong presumption that the plea is knowing and voluntary, and, consequently, final and binding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Furthermore, Fleming's pro se assertions regarding his inability to understand the terms of his plea agreement or the magnitude of the potential sentence he faced are directly contradicted by his sworn statements before the district court during his Rule 11 hearing. These averments carry a strong presumption of validity, and Fleming has failed to offer a credible basis on which to doubt their veracity. Blackledge v. Allison, 431 U.S. 63, 74 (1977); Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992).

Fleming's pro se supplemental brief alleges that his counsel below rendered constitutionally ineffective assistance. Generally, claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and

3

resulting prejudice.  United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).  Instead, ineffective assistance claims are most appropriately pursued in proceedings under 28 U.S.C.A. § 2255 (West Supp. 2011).  See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  Because the record before us fails to establish conclusively Fleming's claims regarding his counsel's deficient performance, we decline to consider them at this juncture.  If he wishes, Fleming may raise these claims in another § 2255 motion without first seeking authorization from this Court.  See In re Goddard, 170 F.3d 435, 437 (4th Cir. 1999).

In accordance with Anders, we have reviewed the record and Fleming's remaining pro se claims and have found no meritorious issues for appeal.  We therefore affirm Fleming's conviction and sentence.  This Court requires that counsel inform Fleming, in writing, of his right to petition the Supreme Court of the United States for further review.  If Fleming requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this Court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Fleming.  We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED