**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 16-7127**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL SPEED,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:10-cr-00700-JFM-1; 1:16-cv-02421-JFM)

───────────────

Submitted: January 19, 2017        Decided: February 2, 2017

───────────────

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

───────────────

Affirmed as modified by unpublished per curiam opinion.

───────────────

Michael Speed, Appellant Pro Se. Benjamin M. Block, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Speed appeals the district court's order adjudicating his 28 U.S.C. § 2255 (2012) motion. In the order, the district court granted relief, in part, by directing vacatur and reentry of Speed's criminal judgment so as to afford Speed an opportunity to file a criminal appeal, but denied Speed's remaining habeas claims on their merits. The district court issued a certificate of appealability.

The district court did not err in reentering Speed's criminal judgment to begin his appellate period anew. Because Speed's remaining habeas claims could, at least arguably, be raised in Speed's criminal appeal or a habeas motion, however, the district court should not have disposed of the remaining claims with prejudice. Cf. In re Goddard, 170 F.3d 435, 437 (4th Cir. 1999) (holding that when a prisoner has wrongly been denied his right to a direct appeal, he should not be forced to raise all possible claims against his criminal judgment in his first § 2255 motion and thereby "make the substantive objections to his conviction and sentence that his lawyer would have made for him on direct appeal").

Thus, although we affirm the district court's order, we modify the dismissal of Speed's remaining habeas claims to be without prejudice. We also deny Speed's motions for appointment of counsel and for a stay of proceedings. We dispense with oral

2

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED