**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4643**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DANTA OMAR ROBERTS,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:15-cr-00083-HEH-RCY-1; 3:16-cv-00793-HEH-RCY)

Submitted: June 21, 2021          Decided: July 2, 2021

Before MOTZ, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Peter L. Goldman, SABOURA, GOLDMAN & COLOMBO, P.C., Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Olivia L. Norman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danta Omar Roberts pled guilty to possession with intent to distribute heroin and was sentenced to 200 months' imprisonment. He did not appeal. He subsequently filed a 28 U.S.C. § 2255 motion alleging several claims of ineffective assistance of counsel. The district court granted relief on Roberts' claim that defense counsel provided ineffective assistance by failing to file a notice of appeal, *see United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993) (holding that counsel's failure to file notice of appeal when requested to do so is per se ineffective assistance and the remedy is to vacate and reimpose the criminal judgment to permit appeal period to run again), and denied relief on his remaining claims on the ground that they were without merit. The court vacated the criminal judgment, entered an amended judgment reimposing the same sentence, and allowed Roberts to note an appeal. Roberts now appeals the district court's order denying in part his § 2255 motion and the amended judgment.

To the extent that Roberts seeks to challenge the district court's § 2255 order denying his non-*Peak* claims on the merits, he must obtain a certificate of appealability under 28 U.S.C. § 2255. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Because Roberts' remaining habeas claims could have been raised in Roberts' criminal appeal or a subsequent § 2255 motion, the district court should

not have dismissed them with prejudice. *See In re Goddard*, 170 F.3d 435, 437 (4th Cir. 1999). Therefore, we grant a certificate of appealability as to those claims, and affirm as modified to reflect dismissal without prejudice.

Turning next to Roberts' appeal from his amended criminal judgment, we note that claims of ineffective assistance of counsel generally are not cognizable on direct appeal. *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018). Instead, to permit adequate development of the record, such claims should be raised in a 28 U.S.C. § 2255 motion. *United States v. Baptiste*, 596 F.3d 215, 216 n.1 (4th Cir. 2010). An exception exists, however, where "an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Upon review, we conclude that the record does not conclusively demonstrate any deficiencies in counsel's representation, and therefore this claim is not cognizable on appeal.

Accordingly, we affirm the district court's amended criminal judgment and we affirm the district court's dismissal of Roberts' § 2255 claims as modified to reflect that the dismissal is without prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*