**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4123**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER LEE SHADE,

Defendant - Appellant.

---

**No. 06-5040**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER LEE SHADE,

Defendant - Appellant.

---

Appeals from the United States District Court for the Northern District of West Virginia, at Martinsburg. W. Craig Broadwater, District Judge. (3:02-cr-00045-WCB; 3:04-cv-00037-WCB)

---

Submitted: July 27, 2007          Decided: August 17, 2007

---

Before MOTZ and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kevin D. Mills, LAW OFFICES OF KEVIN D. MILLS, Martinsburg, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lee Shade pleaded guilty pursuant to a plea agreement to one count of aiding and abetting the distribution of 6.57 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000). The district court sentenced Shade to 112 months of imprisonment, four years of supervised release, and a $100 special assessment. After counsel failed to file a notice of appeal, Shade filed a motion pursuant to 28 U.S.C. § 2255 (2000), in which he alleged three claims of ineffective assistance of counsel. The district court granted relief on Shade's § 2255 motion solely to allow him a belated appeal. The court held a resentencing hearing and imposed the same sentence imposed at the prior sentencing. Shade timely appealed.

On appeal, Shade asserts that the district court erred in rejecting the magistrate judge's recommendation on his § 2255 motion that his plea and appeal waiver were not knowing and voluntary, and argues that counsel provided ineffective assistance. The Government responds, arguing that whether Shade's appeal waiver was knowing and voluntary is moot because Shade has been allowed an appeal and the Government is not seeking to dismiss the appeal based on his waiver. The Government also argues that Shade has never sought to withdraw his guilty plea and did not assert that his plea was involuntary in his § 2255 motion, and that Shade has

failed to show that ineffective assistance of counsel conclusively appears on the record. We affirm.

We conclude that the Government is correct that Shade's argument regarding the waiver of his right to appeal is moot because the Government is not seeking to enforce the waiver of his appellate rights that was included in his plea agreement. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Shade did not move in the district court to withdraw his guilty plea or otherwise assert that his plea was not knowing and voluntary; therefore, this court reviews whether his plea was knowing and voluntary for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To demonstrate plain error, Shade must establish that error occurred, that it was plain, and that it affected his substantial rights. United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). If a defendant satisfies these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted). Our review of the record leads us to conclude that the district court conducted a thorough inquiry pursuant to Fed. R. Crim. P. 11 that verified that Shade's guilty plea was knowing and voluntary.

Shade also asserts that counsel was ineffective in failing to file a notice of appeal as requested, and several other claims related to counsel's representation. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a § 2255 motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Shade was granted relief, in the form of a belated appeal, on his claim that counsel failed to file a notice of appeal. With respect to the remaining claims, our review of the record leads us to conclude that it does not conclusively show that counsel was ineffective. We therefore decline to consider Shade's allegations of ineffective assistance of counsel, as Shade may raise them in another § 2255 motion. "[W]hen a prisoner's first § 2255 motion is granted to reenter judgment and permit a direct appeal, 'the counter of collateral attacks pursued' is 'reset to zero.'" In re Goddard, 170 F.3d 435, 438 (4th Cir. 1999) (quoting Shepeck v. United States, 150 F.3d 800, 801 (7th Cir. 1998)).

Accordingly, we affirm Shade's conviction and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED