**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

ROBERT G. WHITE,
  *Defendant-Appellant.*

No. 02-4698

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-00-22)

Submitted: July 7, 2003

Decided: August 7, 2003

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Kathrine H. Hudgins, LAW OFFICE OF JOHN DELGADO, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Miller W. Shealy, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert George White appeals his conviction and 235-month sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, 50 grams or more of cocaine base, and 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (2000). White argues on appeal that the district court erred in failing to order a competency hearing sua sponte, pursuant to 18 U.S.C. § 4241(a) (2000), and that the court erred in failing to grant a mistrial based on the prosecution's closing argument. We find these contentions to be without merit, and we affirm White's conviction and sentence.

After the jury returned a verdict of guilty on the conspiracy charge, the magistrate judge held a status conference, during which White's counsel requested a competency examination pursuant to 18 U.S.C. §§ 4241, 4242 (2000). The magistrate judge granted the motion. The examiners concluded White was competent at the time of his trial, and after additional time, also concluded White was ready and competent to return to court for sentencing. The Federal Bureau of Prisons issued a certificate of restoration of competency to stand trial on June 24, 2002, and White was sentenced on August 19, 2002.

Based on this sequence of events, we conclude the district court committed no error when it did not sua sponte order a competency hearing for White. Based on the expert opinions before it, the court did not have "reasonable cause to believe that [White was] suffering from a mental disease or defect rendering him mentally incompetent to the extent that he [was] unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

White's contention that the Government's closing argument impermissibly interfered with his Fifth Amendment rights also fails. The prosecutor stated in closing argument: "There is nothing reasonable about acquitting Robert White. There is nothing reasonable about any explanation, and there's been none offered, for his innocence." The district court found that the comment was directed towards the

defense counsel's failure in closing argument to present a convincing theory for White's innocence, and so instructed the jury.

There is no indication that the Government was arguing that the jury should infer guilt because White did not testify in his own defense. Furthermore, the Government and the trial court explained that the burden rested on the prosecution to prove guilt beyond a reasonable doubt. The court further instructed the jury that the defense had no burden to offer any explanation, proof, or witnesses at trial. We conclude these curative instructions were sufficient to clear up any possible ambiguity in the prosecutor's statement. Therefore, the district court did not abuse its discretion in denying the motion for a mistrial. *United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997).

We thus affirm White's conviction and sentence. We dispense with oral argument because the facts and legal contentions have been adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*