PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: JACKIE WILLIAMS,
          *Movant.*
                        No. 05-406

On Motion for Authorization to File Successive Application.

Argued: February 2, 2006

Decided: April 10, 2006

Before WILKINS, Chief Judge, and NIEMEYER
and WILLIAMS, Circuit Judges.

Dismissed by published opinion. Chief Judge Wilkins wrote the opinion, in which Judge Niemeyer and Judge Williams joined.

## COUNSEL

**ARGUED:** Linda Fang, Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia, for Movant. Donald John Zelenka, Assistant Deputy Attorney General, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Respondent. **ON BRIEF:** Neal L. Walters, Hetal Doshi, Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia, for Movant. Henry D. McMaster, Attorney General, John W. McIntosh, Chief Deputy Attorney General, Columbia, South Carolina, for Respondent.

**OPINION**

WILKINS, Chief Judge:

Jackie Williams has applied for permission to file a second or successive habeas petition challenging his state court conviction for the murder of his wife. *See* 28 U.S.C.A. § 2244(b)(3) (West Supp. 2005). He maintains, however, that his petition is not second or successive within the meaning of § 2244(b)(3) because the district court granted his previous petition for the purpose of allowing him to perfect a direct appeal in the South Carolina Supreme Court. *See In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999). Because *Goddard* is controlling, we dismiss the application as unnecessary.

I.

Williams was convicted in South Carolina state court in 1996 of murdering his wife by burning her to death in her car. Trial counsel did not consult with Williams about filing an appeal, and no appeal was ever filed. In 1997, Williams filed an application for post-conviction relief (PCR), in which he asserted, *inter alia*, that counsel's failure to perfect an appeal constituted ineffective assistance of counsel (the "appeal claim"). The PCR court denied relief, and the South Carolina Supreme Court denied certiorari review.

Williams thereafter filed a *pro se* petition for federal habeas relief under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2005). He raised three claims, including the appeal claim. The district court agreed with Williams that counsel had been ineffective and ordered that Williams' habeas petition would be granted "unless, within . . . ninety (90) days, the State of South Carolina grants the Petitioner leave to appeal from his conviction." J.A. 168. The court granted summary judgment to the State on Williams' other two claims.

The South Carolina Supreme Court granted an extraordinary writ that allowed Williams to pursue a direct appeal. On appeal, Williams argued only that the evidence was insufficient to convict him, a claim the court rejected. Thereafter, Williams filed a second PCR application, claiming ineffective assistance of trial and PCR counsel, among

other claims. Although Williams received an evidentiary hearing, the PCR court denied relief.

Following the denial of his second application for PCR, Williams filed another habeas petition in federal court, raising several claims. The district court dismissed this petition as second or successive, directing Williams to file an application with this court for permission to file a second or successive habeas petition. Williams did so in July 2005.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed strict limits on the consideration of "second or successive" habeas petitions, which are codified in 28 U.S.C.A. § 2244 (West 1994 & Supp. 2005). Before filing such a petition in the district court, the applicant must obtain leave to do so from the court of appeals. Leave may be granted only if the proposed habeas petition contains at least one claim that (a) rests on a new rule of constitutional law, made retroactive by the Supreme Court, or (b) rests on a previously undiscoverable factual basis that would demonstrate the applicant's innocence by clear and convincing evidence. *See* 28 U.S.C.A. § 2244(b)(2); *United States v. Winestock*, 340 F.3d 200, 204 (4th Cir. 2003).

There is no question that Williams' proposed habeas petition is, numerically, his second one. However, it is settled law that not every numerically second petition is a "second or successive" petition within the meaning of the AEDPA. For example, when a first petition is dismissed on technical grounds, such as failure to exhaust state remedies, it is not counted; thus, a subsequent petition is not considered second or successive. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

In *Goddard*, this court ruled that when a federal prisoner uses a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005) to regain a right to appeal, "the counter of collateral attacks pursued is reset to zero" such that a later § 2255 motion is not second or successive. *Goddard*, 170 F.3d at 438 (internal quotation marks omitted). The question here is whether *Goddard* controls when (a) the petitioner is

a state prisoner proceeding under § 2254, and/or (b) the prisoner raises more than the appeal claim in his first habeas petition. We conclude that neither of these distinctions makes a difference.

To begin, there is no reason why it should matter, for abuse of the writ purposes, whether the petitioner is a state or federal prisoner. This court and others have repeatedly cited § 2254 and § 2255 cases interchangeably in such circumstances. *See, e.g.*, *In re Taylor*, 171 F.3d 185, 187-88 (4th Cir. 1999); *see also Andiarena v. United States*, 967 F.2d 715, 717 (1st Cir. 1992) (per curiam) (rejecting distinction between § 2254 and § 2255 for purposes of abuse of the writ doctrine). Indeed, *Goddard* itself relied on several cases involving habeas petitions pursuant to § 2254 in concluding that Goddard's motion under § 2255 was not second or successive. *See Goddard*, 170 F.3d at 438.

We also conclude that *Goddard* controls even though Williams raised claims other than the appeal claim in his first habeas petition. While *Goddard* made clear that a petitioner could not be *required* to submit all potential grounds for relief when seeking to have an appeal reinstated, the court did not say that a petitioner was *prohibited* from submitting additional claims. And, given the reasoning of *Goddard* that each petitioner should receive one full collateral attack *after the right to appeal has been restored*, *see id.* at 437, there seems to be no reason to place a petitioner like Williams—who included additional claims in his initial habeas petition—on a different footing than a petitioner who pursues solely an appeal claim.

We cannot hold, however, that a first habeas petition that raises claims in addition to an appeal claim becomes a complete nullity when relief is granted on the appeal claim. To the contrary, circuit precedent and common sense dictate that a habeas petitioner cannot be allowed to resurrect claims previously denied on the merits simply because the district court has granted relief on an appeal claim.

We consider first the circuit precedent. In *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), we considered the proper treatment of a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure that challenged the resolution by the district court of a habeas petition *and* raised additional claims. We held:

In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims. Moreover, because the authorization requirement applies to the entire application, the jurisdictional effect of § 2244(b)(3) extends to all claims in the application, including those that would not be subject to the limits on successive applications if presented separately.

*Id.* at 205 (citation omitted). Applying the rule of *Winestock* to a *Goddard* factual scenario results in the following rule: If a habeas petitioner (state or federal) files an application for collateral relief that raises a successful appeal claim and additional claims, any subsequent petition will be considered "second or successive" if (a) the district court ruled on the merits of the additional claims in the initial petition, and (b) the petitioner seeks to raise those claims again in the subsequent petition. In such a case, "the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." *Id.* at 207.

The common sense reason for such a rule is clear. The rules governing second or successive habeas petitions in general, and § 2244 in particular, are grounded in principles of comity and respect for the finality of criminal convictions. *See, e.g.*, *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) ("[T]he doctrines of procedural default and abuse of the writ are both designed to lessen the injury to a State that results through reexamination of a state conviction on a ground that the State did not have the opportunity to address at a prior, appropriate time; and both doctrines seek to vindicate the State's interest in the finality of its criminal judgments."); *United States v. Barrett*, 178 F.3d 34, 44 (1st Cir. 1999) ("The core of the AEDPA restrictions on second or successive § 2255 petitions is related to the longstanding judicial and statutory restrictions embodied in the form of res judicata known as the 'abuse of the writ' doctrine."). *See generally Felker v. Turpin*, 518 U.S. 651, 663-64 (1996) (describing the place of § 2244 in the evolution of the abuse of the writ doctrine). It would ill-serve these important principles to allow a habeas petitioner a second bite at the apple with respect to claims that have already been denied on the merits, regardless of the petitioner's success on an appeal claim.

### III.

For the reasons set forth above, we dismiss as unnecessary Williams' application for leave to file a second or successive habeas petition.* Under *Goddard*, Williams' success on the appeal claim in his initial habeas petition entitles him to file his current petition without first obtaining leave from this court. However, to the extent that Williams files a habeas petition in the district court that includes claims previously denied on the merits, the district court is bound, under *Winestock*, to provide Williams with the option of omitting the repetitive claims or having the entire petition treated as second or successive.

*DISMISSED*

---

*The State contends that Williams' application should be denied because any habeas petition filed at this point would be barred by the one-year statute of limitations, *see* 28 U.S.C.A. § 2244(d)(1). Having concluded that Williams is not required to seek permission to file a habeas petition in the district court, we think it doubtful that the timeliness of any such petition is properly before us at this time. Additionally, it is preferable for the district court to consider in the first instance the timeliness of a petition, including the question of whether Williams might be entitled to equitable tolling of the statute of limitations. *See United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) ("[E]quitable tolling issues are highly fact-dependent, and . . . the district court is in a better position to develop the facts and assess their legal significance in the first instance . . . ." (internal quotation marks omitted)).