**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 06-6825

---

MONTOYAE DONTAE SHARPE,

                              Petitioner - Appellant,

        versus

MICHAEL T. W. BELL,

                              Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    Terrence W. Boyle, District Judge.  (5:04-hc-00886-BO)

---

Submitted:  March 28, 2007          Decided:  April 20, 2007

---

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

W. Gregory Duke, BLOUNT & DUKE, Greenville, North Carolina, for Appellant. Roy Cooper, Attorney General, Clarence Joe DelForge, III, Assistant Attorney General, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montoyae Dontae Sharpe appeals the district court's order dismissing his 28 U.S.C. § 2254 (2000) petition as successive. Sharpe does not deny that the § 2254 petition he filed on November 17, 2004, is numerically his second petition. "However, it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the [Antiterrorism and Effective Death Penalty Act of 1996]." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). Petitions dismissed on procedural grounds, such as for failure to exhaust state remedies, do not constitute a dismissal on the merits and are thus not counted for purposes of determining whether a subsequently filed petition is second or successive. Slack v. McDaniel, 529 U.S. 473, 487 (2000).

The district court's order addressing Sharpe's first § 2254 petition concluded: "Sharpe's petition is DENIED on the grounds of ineffective assistance of counsel, and, because Sharpe has not exhausted his state remedies, this case is REMANDED to state court for further proceedings consistent with this opinion." However, this conclusion is clearly inconsistent with the language in the body of the order. Though the court found Sharpe's ineffective assistance claim to be procedurally defaulted, it determined that the defect could be excused if Sharpe could

- 2 -

demonstrate a fundamental miscarriage of justice. The court stated:

> This Court is remanding this case to state court for further proceedings and for further development of the evidence in this case. Because there are additional factual and evidentiary claims that have not been adequately considered by the state courts, this Court cannot yet rule on the existence of a fundamental miscarriage of justice.

Thus, the district court deferred its final ruling on whether there was a fundamental miscarriage of justice sufficient to overcome the procedural default, and dismissed Sharpe's first § 2254 petition to permit exhaustion of state remedies as to all issues. Consequently, we conclude that the § 2254 petition filed by Sharpe in 2004, while numerically second, is not second or successive under § 2244.

Accordingly, we vacate the judgment of the district court and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

**VACATED AND REMANDED**
