**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4875**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD YOUNG,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (1:04-cr-00032-jpj)

———————

Submitted:  May 2, 2007                    Decided:  May 30, 2007

———————

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Kent Wicker, REED WICKER PLLC, Louisville, KY, John P. Fishwick, Jr., LICHTENSTEIN, FISHWICK & JOHNSON, PLC, Roanoke, Virginia, for Appellant.   Dennis H. Lee, Special Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Ray Young (Young) and his wife, Teresa Young, were originally charged in a six count indictment with various drug and weapons charges. On June 9, 2004, Young entered into a written plea agreement with the Government. Young agreed to plead guilty to Count One, conspiracy to distribute oxycodone in violation of 21 U.S.C. § 841 (1999), and Count Four, using and carrying a firearm during and in relation to or possessing in furtherance of a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2006). Young also agreed to forfeit the property that provided the basis for Count Six.

On June 18, 2004, during their joint plea colloquy, Young and his wife both made statements that the drug sales did not begin in 2000 as alleged, but later, possibly in 2002 or 2003. The Youngs appeared for sentencing on August 24, 2004. Pursuant to Mrs. Young's plea agreement, the district court sentenced her to one day in jail on Count Two, possession with intent to distribute oxycodone, and to sixty months on Count Three, possession of a firearm in furtherance of a drug trafficking crime. Her agreement stipulated that the applicable drug weight for sentencing purposes in her case would not be the total amount sold from 2000-2004, but the amount she sold to a confidential informant, approximately 2.97 grams.

During Young's sentencing, the court heard evidence that the probation officer calculated drug weight based on Mrs. Young's initial statements to law enforcement officers about drug amounts sold from 2000-2004. ATF Agent Aaron Yoh also testified that law enforcement was aware of Young's drug activities as early as 2001. Yoh also testified that at a proffer session Young identified a Larry Smith as one of his suppliers of Oxycontin. Young then elected to testify in support of his objection that he did not start selling drugs until 2003. In his testimony, Young denied ever purchasing drugs from Larry Smith. However, on cross-examination, Young admitted that at the proffer session he may have admitted to selling drugs in 2002 and that he may have threatened his wife's life.

After Young testified, he insisted his wife be called as a witness. In her testimony, Mrs. Young repudiated her statement from the plea hearing that Young did not sell drugs in 2000 and 2001. Mrs. Young also testified that Larry Smith was a source for her husband's drugs, that her husband began selling in 2000, that she was afraid of her husband because he had put a gun to her head on a prior occasion for dipping into his drugs and money, and that a Smith and Wesson nine millimeter never left his side. Mrs. Young also testified that she started selling drugs in 2002 when Young gave her an ultimatum to either help in the sales or leave the home. Mrs. Young also testified that her initial statement to law

enforcement was her best estimate of drugs sold from 2000-2004. Finally, Mrs. Young testified that her husband asked her to lie at his sentencing by testifying that he did not start selling drugs until 2003.

The district court accepted the presentence report and sentenced Young to sixty months on Count One and sixty months on Count Four. Young did not appeal; however, he did collaterally attack his plea and sentence in a 28 U.S.C. § 2255 (2000) motion. The district court ruled in favor of Young on his claim that his counsel failed to honor his request to file a notice of appeal, but denied the motion on all other points based on Young's waiver of collateral attack rights. To reinstate Young's appeal rights, the district court resentenced Young on August 17, 2006. Young timely appealed, alleging four separate errors.

Young first argues that the district court imposed its sentence based on an unreliable estimate of the amount of drugs sold. This court reviews findings of fact related to a district court's application of the sentencing guidelines for clear error. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Here, the district court's determination of drug weight was not clearly erroneous. Mrs. Young's testimony provided ample credible evidence that Young began selling drugs in 2000 and not 2004 as he claimed.

Young next argues that 18 U.S.C. § 3553(a)(6) (2000) required the district court to vary from the guidelines and impose the same sentence on the possession count as his co-defendant wife received. Young further argues that the only reason his wife received a lesser sentence was due to the Government's stipulation as to drug weight in her case and this stipulation was improper in light of United States v. Booker, 543 U.S. 220 (2005).

The differences in sentences between Young and his wife were fully supported by the fact that Young became involved in narcotics dealing first, Mrs. Young only became involved several years later, Young brought drugs to his wife from other states for sale, and while Mrs. Young testified truthfully at sentencing, Donald Young testified inconsistently with prior statements to law enforcement. Moreover, the district court was fully aware of the facts in both Mr. and Mrs. Young's cases, and it was not required to base Young's sentence on the Government's stipulation as to drug weight attributable to Mrs. Young. The district court, therefore, did not err in sentencing Mr. and Mrs. Young to different sentences.

Young next claims that his sentence was unreasonable. Young raises two separate grounds for this argument. First, Young argues that the Government should be bound by its stipulation in his wife's case as to the amount of drugs involved. However, this court has already determined that non-mutual collateral estoppel

does not apply in sentencing proceedings. Therefore, his first argument is without merit. United States v. Pierce, 400 F.3d 176, 182 (4th Cir. 2005). Young's second argument is that he should have been sentenced to one day on the drug count because the five year sentence he received on the firearms count was "onerous" given the facts of his case. However, the district court heard evidence that Young never let a 9 millimeter Smith and Wesson out of his sight, and Young threatened his wife with a 9 millimeter handgun for dipping into his drugs and cash. Therefore, Young has not shown his sentence was unreasonable.

Finally, Young attempts to raise a claim originally raised in his § 2255 motion and dismissed by the district court. Young failed to appeal the district court's ruling on his § 2255 motion, and he cannot now properly raise in his direct appeal a claim from his § 2255 motion that was dismissed by the district court. See In re Williams, 444 F.3d 233, 236 (4th Cir. 2006).

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED