**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-5151

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DELTON RIGGINS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge.  (5:06-cr-00227-D-1)

Submitted:  October 22, 2008        Decided:  November 6, 2008

Before KING, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William Woodward Webb, THE EDMISTEN & WEBB LAW FIRM, Raleigh, North
Carolina, for Appellant.   George E. B. Holding, United States
Attorney, Anne M. Hayes, William M. Gilmore, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

        After a jury trial, Delton Riggins was convicted of conspiring to knowingly make false statements to a licensed firearms dealer in connection with the purchase of firearms, in violation of 18 U.S.C. § 371 (2000), and four counts of aiding and abetting the knowing making of false and fictitious statements in connection with the acquisition of firearms, in violation of 18 U.S.C.A. §§ 922(a)(6), 924 (West 2000 & Supp. 2008), and 18 U.S.C. § 2 (2000).  The district court sentenced him to a total of seventy-eight months of imprisonment.  Riggins appeals, contending that the district court erred in sustaining the jury's verdict because the evidence was insufficient to convict him and thus, the court erred by denying his Fed. R. Crim. P. 29 motion.  Finding no error, we affirm.

        A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942).  This court has "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'"  United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).  This court "must consider circumstantial as well as direct evidence, and allow the government

the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007), cert. denied, 128 S. Ct. 1917 (2008). Moreover, "the uncorroborated testimony of one witness or of an accomplice may be sufficient to sustain a conviction . . . ." United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (internal quotation marks and citation omitted).

To prove that Riggins violated § 371, "the government must prove an agreement between two or more persons to act together in committing an offense and an overt act in furtherance of the conspiracy." United States v. Chorman, 910 F.2d 102, 109 (4th Cir. 1990). To sustain the aiding and abetting conviction, the government was required to prove that Riggins "knowingly associated himself with and participated in the criminal venture." Burgos, 94 F.3d at 873 (internal quotation marks and citation omitted). This court has held that "[t]o be convicted of aiding and abetting, participation in every stage of an illegal venture is not required,

3

only participation at some stage accompanied by knowledge of the result and intent to bring about that result." Id. (internal quotation marks and citation omitted). To prove a violation of § 922(a)(6) for making false statements in connection with the acquisition of firearms, the government had to show that: (1) Riggins attempted to acquire the firearms from a federally licensed firearms dealer; (2) in doing so, he knowingly made a false or fictitious statement; and (3) the subject of his false statement was material to the lawfulness of the sale. See United States v. Rahman, 83 F.3d 89, 92 (4th Cir. 1996) (discussing elements in connection with challenge to jury instructions).

With these standards in mind, we have reviewed the trial transcript, and our review convinces us that the evidence was sufficient to convict Riggins on all counts. To the extent Riggins challenges the credibility of a key government witness, Mona Boakye, the jury clearly found Boakye to be a credible witness. Such a credibility determination is not reviewable on appeal. See Kelly, 510 F.3d at 440.

Accordingly, we affirm Riggins' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4