**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6516**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DOUGLAS THOMAS PERSON,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge.  (5:03-cr-00170-BO-1; 5:10-cv-00076-BO)

Submitted: January 31, 2011      Decided: June 29, 2011

Before WILKINSON, KING, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Douglas Thomas Person, Appellant Pro Se.   Steve R. Matheny,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Thomas Person was convicted of possession with intent to distribute five grams or more of cocaine base and possession of a firearm during and in relation to a drug trafficking crime. He was sentenced to 262 months' imprisonment. He filed a 28 U.S.C.A. § 2255 (West Supp. 2010) motion, arguing, *inter alia*, that counsel failed to file a direct appeal as he requested. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). The district court ultimately granted the motion for the limited purpose of allowing Person to file an appeal, vacated the criminal judgment, and entered a new judgment. The district court, however, denied relief on Person's remaining claims. We affirmed Person's sentence on direct appeal. United States v. Person, 299 F. App'x 283 (4th Cir. 2008) (No. 07-4944). Person filed a second § 2255 motion, which the district court denied as an unauthorized successive motion. However, the district court subsequently granted a certificate of appealability, acknowledging that Person's motion was not in fact successive, but noting that jurisdiction now rests with this court. We vacate and remand.

"[I]t is settled law that not every numerically second [§ 2255 motion] is a 'second or successive' [motion] within the meaning of the [Antiterrorism and Effective Death Penalty Act of 1996]." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006).

2

"[W]hen a prisoner's first § 2255 motion is granted to reenter judgment and permit a direct appeal, the counter of collateral attacks pursued is reset to zero." In re Goddard, 170 F.3d 435, 438 (4th Cir. 1999) (internal quotation marks omitted). Because the district court granted Person's original § 2255 motion and reentered judgment to permit a direct appeal, the instant § 2255 motion is not a second or successive motion within the meaning of § 2255(h). Therefore, the district court erred by holding that Person was required to obtain an order from this court authorizing the district court to consider the motion.

However, "[i]f a habeas petitioner (state or federal) files an application for collateral relief that raises a successful appeal claim and additional claims, any subsequent petition will be considered 'second or successive' if (a) the district court ruled on the merits of the additional claims in the initial petition, and (b) the petitioner seeks to raise those claims again in the subsequent petition." Williams, 444 F.3d at 236. Therefore, to the extent Person seeks to raise claims already rejected by the district court in his previous § 2255 motion, the district court is bound to provide Person with the option of omitting the repetitive claims or having the entire petition treated as successive. Id. at 237.

We vacate the district court's order dismissing Person's second § 2255 motion as successive and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED