**Robert WHITE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Cr. No. 2:00–cr–00022–PMD–1.
C.A. No. 2:14–cv–03761–PMD.**

United States District Court,
D. South Carolina,
Charleston Division.

Signed Sept. 26, 2014.

Robert White, Springfield, MO, pro se.

### *ORDER*

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court on Petitioner Robert G. White's ("Petitioner") mo-

tion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 117) ("Motion to Vacate"). On September 24, 2014, the Court ordered the Government to answer or otherwise respond to Petitioner's Motion to Vacate within forty-five days (ECF No. 118) ("Prior Order"). For the reasons set forth herein, the Court vacates its Prior Order and dismisses Petitioner's Motion to Vacate.

## BACKGROUND

On March 23, 2001, Petitioner was convicted at trial of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (2000). Following Petitioner's conviction, Petitioner's counsel requested a psychiatric examination of Petitioner pursuant to 18 U.S.C. § 4241, as amended by the Insanity Defense Reform Act. The Magistrate Judge granted counsel's request for a psychiatric examination, which ultimately found that Petitioner was competent at trial but no longer competent to proceed with sentencing. As a result, the Court ordered Petitioner to remain in treatment; however, on June 24, 2002, the warden at the Federal Medical Center in Butner, North Carolina signed a certificate of restoration of competency to stand trial. On August 19, 2002, the Court sentenced Petitioner to a term of imprisonment of 235 months. Judgment was entered on August 27, 2002.

Petitioner timely filed a direct appeal, and the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence on August 7, 2003. *United States v. White,* 71 Fed.Appx. 226 (4th Cir.2003). Petitioner thereafter filed a petition for writ of certiorari, which the United States Supreme Court denied on April 19, 2004. *White v. United States,* 541 U.S. 991, 124 S.Ct. 2017, 158 L.Ed.2d 496 (2004). On October 16, 2009, Petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255, asserting that he was not competent to stand trial. The Court dismissed Petitioner's initial motion to vacate on June 2, 2010, as untimely. Petitioner subsequently filed a motion, styled as a "Motion to Vacate Judgment of Civil Commitment Under Rule 60(d)(3) of the Fed. R. Civ. Procedure–Etc.," on June 13, 2011, which the Court denied on June 15, 2011.

On September 24, 2014, Petitioner filed the instant Motion to Vacate. The same day, the Court issued the Prior Order, requiring the Government to answer or otherwise respond to Petitioner's Motion to Vacate within forty-five days. To date, the Government has not responded to Petitioner's Motion to Vacate.

## DISCUSSION

Pursuant to Rule 4(b) of the *Rules Governing Section 2255 Proceedings in the United States District Courts,* following 28 U.S.C. § 2255 ("*§ 2255 Rules*"), sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether the petitioner is entitled to any relief. After thoroughly reviewing the record and Petitioner's Motion to Vacate, the Court finds that a response from the Government is not required and that the present action is suitable for disposition without an evidentiary hearing. *See* 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."). Al-

though the Court's Prior Order requires the Government to respond to Petitioner's Motion to Vacate within forty-five days, the Court has determined that the Prior Order was issued in error. Accordingly, the Court hereby vacates the Prior Order.[1]

In the instant Motion to Vacate, Petitioner asserts four grounds for relief. Specifically, Petitioner alleges claims based on prosecutorial misconduct, ineffective assistance of trial counsel, violation of the Speedy Trial Act, and ineffective assistance of appellate counsel. After careful review and consideration, the Court finds that Petitioner's Motion to Vacate must be dismissed, because Petitioner has failed to obtain permission to file a successive motion from the Fourth Circuit and because Petitioner's Motion to Vacate is untimely.

As outlined below, this Court does not have jurisdiction to consider Petitioner's Motion to Vacate. Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), bars "second or successive" petitions unless they are certified by a panel of the appropriate court of appeals to contain claims relying on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Accordingly, "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." *United States v. Winestock,* 340 F.3d 200, 205 (4th Cir.2003); *see* 28 U.S.C. § 2244(b)(3).

▮ Notably, the AEDPA does not define "second or successive." *In re Taylor,* 171 F.3d 185, 187 (4th Cir.1999). Instead, the phrase "takes its full meaning from [Supreme Court] case law, including decisions predating the enactment of the [AEDPA]." *Panetti v. Quarterman,* 551 U.S. 930, 943–44, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007) (citation omitted) (§ 2254 case). "This case law reveals that the High Court has 'declined to interpret 'second or successive' as referring to all ... applications filed second or successively in time, even when the later filings address a ... judgment already challenged in a prior ... application.' " *Scott v. United States,* 761 F.Supp.2d 320, 324 (E.D.N.C.2011) (footnote omitted) (quoting *Panetti,* 551 U.S. at 943–44, 127 S.Ct. 2842). Indeed, the Fourth Circuit has clearly stated that "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams,* 444 F.3d 233, 235 (4th Cir.2006) (§ 2254 case). Therefore, "it is improper for a lower court to formulaically conclude that every motion filed *after* an initial section 2255 motion is filed is a 'second or successive' motion." *Scott,* 761 F.Supp.2d at 325. Importantly, where a petitioner's initial § 2255 was not adjudicated and disposed of on the merits, any subsequent § 2255 petition may not be deemed "second or successive." *See Slack v. McDaniel,* 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

---

1. Pursuant to Rule 5 of the *§ 2255 Rules,* the Government need not answer or otherwise respond to Petitioner's Motion to Vacate.

■ Petitioner's latest Motion to Vacate seeks relief from the same conviction challenged in his first § 2255 petition, which the Court dismissed as time-barred. The dismissal of a first § 2255 motion as untimely constitutes an adjudication on the merits. *E.g., Murphy v. United States,* 5:04–CR–241–FL–1, 2013 WL 5278016, at *4 (E.D.N.C. Sept. 18, 2013) *appeal dismissed,* 553 Fed.Appx. 301 (4th Cir.2014); *Rudisill v. United States,* 1:10–CV–253, 2010 WL 4510913, at *2 (W.D.N.C. Nov. 2, 2010) (collecting cases); *McClure v. United States,* 2:08–CV–86, 2010 WL 987811, at *4 (N.D.W.Va. Mar. 15, 2010); *Oiler v. United States,* 5:08–CV–00995, 2009 WL 3160105, at *1 (S.D.W.Va. Sept. 28, 2009) (citing *Stapleton v. United States,* 392 F.Supp.2d 754 (W.D.Va.2005)); *Stapleton,* 392 F.Supp.2d at 756 (citing *Villanueva v. United States,* 346 F.3d 55, 61 (2d Cir. 2003)); *see also In re Rains,* 659 F.3d 1274, 1275 (10th Cir.2011) (per curiam) ("The dismissal of [petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements.") (collecting cases). Accordingly, the instant Motion to Vacate is successive for purposes of §§ 2244 and 2255. Petitioner has not shown that he has obtained the requisite permission from the Fourth Circuit pursuant to § 2244 to file a "second or successive" § 2255 motion in this Court. Without such authorization, Petitioner's Motion to Vacate must be dismissed for lack of jurisdiction. *Winestock,* 340 F.3d at 205 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Moreover, because this jurisdictional prerequisite "extends to all claims in the application, including those that would not be subject to the limits on successive applications if presented separately," the Court

must dismiss Petitioner's Motion to Vacate in its entirety. *Id.*

■ Additionally, the Court notes that even if Petitioner's Motion to Vacate does not constitute an unauthorized, "second or successive" petition, it is nevertheless subject to dismissal as untimely. The enactment of the AEDPA amended § 2255 by imposing a one-year limitations period for the filing of such motions. 28 U.S.C. § 2255(f). This one-year period runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In Petitioner's case, the one-year limitation period began to run on the date that his judgment of conviction became final, which was April 19, 2004, when the United States Supreme Court denied Petitioner's petition for writ of certiorari. *Id.; see Clay v. United States,* 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Because Petitioner's conviction became final on this date, he needed to file his § 2255 motion by April 19, 2005, for it to be timely. However, Petitioner did not file his first § 2255 motion, much less the

second, within the limitation period outlined in § 2255(f)(1). Indeed, Petitioner did not file the instant Motion to Vacate until September 24, 2014, more than ten years after his judgment of conviction became final. Thus, as Petitioner has neither alleged nor shown that subsections (2), (3), or (4) of § 2255(f) should apply, the Court concludes that Petitioner's Motion to Vacate is untimely.[2]

 Finally, the Court declines to issue a certificate of appealability. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," as here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman,* 555 U.S. 113, 118 n. 3, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009) (quoting *Slack,* 529 U.S. at 484, 120 S.Ct. 1595). In the instant matter, the Court concludes that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Accordingly, the Court declines to issue a certificate of appealability. *See* R. 11(a), *§ 2255 Rules.*

### CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that the Court's Prior Order is **VACATED,** and Petitioner's Motion to Vacate is hereby **DISMISSED.** It is **FURTHER ORDERED** that a certificate of appealability is **DENIED,** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED.**

---

2. Further, Petitioner has not alleged, and the Court declines to apply, the doctrine of equitable tolling. Accordingly, the Court concludes that the one-year limitation period governing § 2255 petitions should apply to and does bar this action.