**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-8014**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RICHARD ARTHUR SCHMIDT,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.   (1:04-cr-00052-JFM-1; 1:13-cv-03370-JFM)

───────────

Submitted:  April 28, 2014              Decided:  May 13, 2014

───────────

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

Richard Arthur Schmidt, Appellant Pro Se.   Andrew George Warrens
Norman, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Arthur Schmidt seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2012) motion for failure to receive authorization from this court to file a successive motion. For the reasons that follow, we grant a certificate of appealability, vacate the district court's judgment and remand for further proceedings.

In 2005, Schmidt was convicted of traveling with intent to engage in a sexual act with a minor and engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b), (c) (2012). In April 2007, Schmidt filed a motion pursuant to Fed. R. Civ. P. 60(b)(4), claiming that the district court lacked subject matter jurisdiction over his case.[1] The district court construed the filing as a § 2255 motion and summarily denied it without an explanation.

Schmidt subsequently filed numerous post-conviction motions, which were all construed as § 2255 motions and dismissed as successive. About one year ago, Schmidt filed a 28 U.S.C. § 2244 motion (2012) seeking authorization to file a successive § 2255 motion, specifically arguing that, when the district court re-characterized his Fed. R. Civ. P. 60(b)(4)

---

[1] Notably, the motion stated that "in no way should it be construed" as a § 2255 motion.

2

motion as a § 2255 motion in 2007, he "was never notified . . . nor given the opportunity to withdraw the motion," in violation of the Supreme Court's holding in Castro v. United States, 540 U.S. 375 (2003).

Because the district court had not provided Schmidt with notice that it was re-characterizing his Rule 60(b)(4) motion as a § 2255 motion, nor did it provide Schmidt with the opportunity to either withdraw or amend the motion, we concluded that the 2007 motion could not be counted as Schmidt's first § 2255 motion. See Castro, 540 U.S. at 383. Moreover, Schmidt's subsequent motions for post-conviction relief were all dismissed without prejudice for being successive and, therefore, could not count as prior § 2255 motions for purposes of the limitations on successive § 2255 motions. See In re Goddard, 170 F.3d 435, 438 (4th Cir. 1999) (citing cases in which post-conviction proceedings dismissed on certain procedural grounds were not counted in determining whether subsequent motions are successive). Accordingly, we denied as unnecessary the motion for authorization to file a second or successive motion. In re: Schmidt, No. 13-168 (Mar. 29, 2013).

Months later, Schmidt filed the underlying § 2255 motion in the district court. Although Schmidt attached a copy of this court's order stating authorization was unnecessary to

3

file a § 2255 motion, the district court summarily dismissed the motion as successive.

Because the underlying § 2255 motion was not a second or successive motion within the meaning of § 2255, the district court erred by holding that Schmidt was required to obtain an order from this court authorizing the district court to consider the motion. Consequently, we grant Schmidt's motion to proceed in forma pauperis on appeal, grant a certificate of appealability, vacate the order of the district court, and remand for further proceedings.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2] We, of course, express no opinion as to the timeliness or merits of Schmidt's claims.