Robert Maurice PARIS, Petitioner,

v.

UNITED STATES of America, Respondent.

CIVIL NO. 2:16cv261

ORIGINAL CRIMINAL NO. 2:08cr205-3

United States District Court, E.D. Virginia, Norfolk Division.

Signed June 8, 2016

Robert Maurice Paris, pro se.

Darryl J. Mitchell, Assistant United States Attorney, Norfolk, VA, for Respondent.

### SHOW CAUSE ORDER

REBECCA BEACH SMITH, CHIEF JUDGE

This matter comes before the court on the Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"), filed on June 2, 2016. ECF No. 107. The Petitioner simultaneously filed a Motion for Counsel,

which also includes arguments supporting the § 2255 Motion. ECF No. 108.[1] The Motion for Counsel was filed subject to defect because it lacked a proper certificate of service to the United States Attorney. However, for efficiency, the court **LIFTS** the defect and **DIRECTS** the Clerk to send a copy of the Motion for Counsel to the United States Attorney at Norfolk.

On March 24, 2009, the Petitioner pled guilty to Counts One and Fourteen of the Superseding Indictment. Count One charged the Petitioner with Possession of a Sawed-off Shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, and Count Fourteen charged the Petitioner with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On June 23, 2009, after adjudging the Petitioner guilty, this court sentenced the Petitioner to a total of one hundred twenty-one (121) months imprisonment and three (3) years supervised release. ECF No. 91. The Petitioner did not appeal.

The Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on August 12, 2013. ECF No. 97. On September 11, 2013, the court entered a Show Cause Order, warning the Petitioner that the § 2255 motion would be dismissed as untimely unless he demonstrated it was filed within the proper time period. ECF No. 99. In response, the Petitioner filed a Motion to Withdraw his § 2255 motion. ECF No. 100. On October 4, 2013, the court granted the Motion to Withdraw and dismissed the § 2255 motion without prejudice. ECF No. 101. Therefore, the dismissed § 2255 motion does not count as a prior motion for the purpose of the limitations on successive § 2255 motions, and the instant Motion is not a successive § 2255 motion requiring prior authorization from the United States Court of Appeals for the Fourth Circuit. See United States v. Schmidt, 571 Fed. Appx. 224, 225 (4th Cir.2014) (citing In re Goddard, 170 F.3d 435, 438 (4th Cir.1999)).

However, the Motion appears to be untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 105, 110 Stat. 1214 (1996), imposes a one-year statute of limitations on § 2255 motions. Section 2255, as amended by AEDPA, provides in relevant part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Petitioner's judgment became final on July 8, 2009. See Fed. R. App. P. 4(b) (mandating that a criminal defendant file a notice of appeal

---

1. The court accepts the Motion and Motion for Counsel as effectively filed on the date the Petitioner certifies he placed them in the prison's internal mailing system, which is May 31, 2016. See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (articulating the "prison mailbox rule").

within fourteen days after the entry of judgment). Therefore, the one-year period to file a § 2255 motion expired on July 8, 2010, making the instant Motion untimely under 28 U.S.C. § 2255(f)(1).

The Petitioner asserts that the instant Motion is nonetheless timely pursuant to 28 U.S.C. § 2255(f)(3), based on Welch v. United States, —— U.S. ——, 136 S.Ct. 1257, —— L.Ed.2d —— (2016), which made the new right recognized in Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), applicable on collateral review. In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), in 18 U.S.C. § 924(e)(2)(B)(ii), because it was unconstitutionally vague. Johnson, 135 S.Ct. at 2563.

Here, the Petitioner was not sentenced under the ACCA. Despite this, the Petitioner argues that Johnson invalidates his United States Sentencing Guidelines ("U.S.S.G.") calculation. Mot. at 13-14. The Petitioner's guideline range for Count One, Possession of a Sawed-off Shotgun, was calculated pursuant to U.S.S.G. § 2K2.1(a)(3). Id. at 13; PSR Worksheet A. His base offense level was enhanced because the offense was committed subsequent to sustaining a felony conviction of a crime of violence. PSR Worksheet A; see U.S.S.G. § 2K2.1 (a)(3). "Crime of violence," for the purposes of § 2K2.1(a)(3), has the meaning given in § 4B1.2(a) and Application Note 1 to the Commentary. U.S.S.G. § 2K2.1 cmt. n.1.

Section 4B1.2(a), in turn, defines "crime of violence" as an offense punishable by imprisonment for a term exceeding one year that

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). Application Note 1 to the Commentary specifies that "crime of violence" includes the offense of "attempting to commit such offenses." Id. cmt. n.1.

The Petitioner argues that his predicate felony "crime of violence," assault with a deadly weapon with serious injury, in violation of N.C. Gen. Stat. § 14-32(b), is no longer a crime of violence under the holding in Johnson. Mot. at 13. This argument assumes two things: first, that the relevant predicate felony is only a "crime of violence" under the residual clause of § 4B1.2(a), and second, that Johnson extends to invalidate the residual clause in § 4B1.2(a). Because the Petitioner's argument fails at the first step, the second question need not be reached.

 In addition to assault with a deadly weapon inflicting serious injury, the Petitioner was convicted of attempted first degree burglary. See PSR ¶ 27.[2] In North Carolina, a burglary is in the first degree if it is committed in a dwelling house that is occupied by any person at the time of the crime's commission. N.C. Gen. Stat. § 14-51. First degree burglary is a felony. Id. § 14-52. Burglary of a dwelling is an enumerated offense in the "crime of violence" definition, and attempt is treated the same as a completed offense. See U.S.S.G. § 4B1.2(a)(2), cmt. n.1. Thus, the Petitioner's sentencing guidelines calculation does not implicate the residual clause in § 4B1.2(a).

Therefore, the Petitioner does not even arguably state a claim under Johnson, and

---

**2.** Both convictions resulted from the same prosecution in Gates County Superior Court,

Gatesville, North Carolina. See PSR ¶ 27.

his Motion is not timely pursuant to § 2255(f)(3) for this reason. Accordingly, the Petitioner is **WARNED** that the Motion will be dismissed as untimely, unless he can otherwise demonstrate that it was filed within the proper time period under 28 U.S.C. § 2255, as set forth herein. See Hill v. Braxton, 277 F.3d 701, 708 (4th Cir.2002). The Petitioner is granted thirty (30) days from the date of entry of this Show Cause Order to make such a showing.

▇▇▇▇ The Petitioner also requests the appointment of counsel. Mot. for Counsel at 1. There is no constitutional right to counsel in a collateral attack on a prisoner's conviction. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir.1995).[3] However, the court may appoint counsel to represent a financially eligible petitioner in a § 2255 proceeding where the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). Such a decision is within the discretion of the district court. See, e.g., Bowman v. White, 388 F.2d 756, 761 (4th Cir.1968).

▇▇ The Petitioner has failed to set forth any exceptional circumstances for the appointment of counsel, and has not established that his § 2255 Motion is timely or presents a colorable claim for post-conviction relief. Accordingly, the Petitioner's Motion for Counsel is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Show Cause Order to the Petitioner and the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

---

**3.** Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings mandate appointment of counsel for a non-capital habeas petitioner only when counsel is necessary for effective discovery or the matter proceeds to an evidentiary hearing.